236 P.2d 716

**DAVIS v. PANCHERI.**

No. 7776.

Supreme Court of Idaho.

Oct. 15, 1951.

Rehearing Denied Nov. 9, 1951.

A. A. Merrill, Idaho Falls, for appellant.

E. A. Owen, John Ferebauer, Idaho Falls, for respondent.

30

PORTER, Justice.

Appellant brought this action in claim and delivery to recover 2,678 bushels of wheat valued at $5,265.11. At the close of appellant's case, respondent moved for nonsuit. The motion for nonsuit was granted by the court and a judgment of nonsuit was entered. Appellant has appealed from such judgment.

In the year 1945, appellant purchased from one B. M. Rogers, under the terms of a conditional sale contract, a large tract of land located in Bonneville County, known as the Rogers ranch. In the spring of 1949, appellant planted 317 acres of such land to dry-land wheat. On June 6, 1949, appellant, being in arrears in his payments, conveyed back his equity in such ranch to B. M. Rogers by quitclaim deed, signed by appellant and his wife. The consideration named in the deed was "One Dollar and other valuable considerations". The deed contained no reservation nor mention of the wheat crop. At the time of the execution and delivery of the deed, the wheat crop was growing on said land and had not matured.

On June 29, 1949, respondent purchased the Rogers ranch from B. M. Rogers, receiving a warranty deed therefor, which likewise contained no reservation nor mention of the wheat crop. On July 18, 1949, respondent leased to appellant for a term of years, approximately 800 acres of dry-farm land including the 317 acres on which the wheat crop in question was growing. Such lease, among other things, contained the following provision: "It is understood and agreed that the 1949 wheat crop is not included in this lease."

On August 20, 1949, appellant and respondent entered into a stipulation concerning the harvesting of the wheat crop. In such stipulation it is recited that a controversy has arisen between the parties concerning the ownership of the wheat crop and that without either party relinquishing any of his rights, it is stipulated and agreed that the crop should be harvested and placed in an elevator in trust in the name of Clyde Hess to be held until the controversy between the parties is settled. The stipulation further provides that sufficient of the wheat shall be sold by Clyde Hess to pay the harvesting expenses, and contains instructions for Clyde Hess to determine and pay such expenses. The crop was thereafter harvested by appellant and placed in the warehouse.

Appellant makes 12 assignments of error. We will not discuss the assignments of error separately but will consider the controlling questions raised by appellant. Ap-

pellant offered to prove by oral testimony that prior to and at the time of the delivery of the quitclaim deed to B. M. Rogers, there was a verbal agreement between appellant and Rogers as to the consideration for the quitclaim deed; and that such consideration was, (1) Rogers would pay appellant $5,000 cash, (2) deliver to appellant a $1,500 note marked paid, and (3) appellant was to harvest the growing wheat crop. This offer of proof was rejected by the court. It may be conceded appellant would be entitled to show the actual consideration for the quitclaim deed if such evidence were material in the case. Here we are only concerned with the wheat crop. The alleged retention of the wheat crop by appellant would not be a part of the consideration for the deed but would be a reservation by the grantor of a part of his estate which would otherwise pass to the grantee.

▇ In Wilson v. White, 161 Cal. 453, 119 P. 895, at page 898, the rule is set out as follows:

"While for some purposes growing crops are considered personal property, it is practically elementary law that, as between the vendor and vendee of real property having a growing crop thereon, such crop constitutes a part of the realty (unless there has been a constructive severance), and in the case of a voluntary conveyance of the land passes to the grantee unless specially reserved by the grantor.

"And while there are some authorities holding that an oral exception or reservation of the crop is effective in such a case, the weight of authority as well as the better reasoning are to the effect that, where a writing is essential to the transfer of real property, such a reservation cannot be established by parol to impair the effect of the writing purporting to convey the land without reservation."

See also, Sweet v. Watson's Nursery, 33 Cal.App.2d 699, 92 P.2d 812; People v. List, 42 Cal.App.2d 505, 109 P.2d 376; Silveira v. Ohm, Cal.App., 189 P.2d 782, Id., 33 Cal.2d 272, 201 P.2d 387; Kammrath v. Kidd, 89 Minn. 380, 95 N.W. 213; Mitchell v. Martindill, 209 Ark. 66, 189 S.W.2d 662.

▇ It was not error for the court to exclude the proffered evidence of an alleged oral agreement whereby appellant reserved the wheat crop at the time of the sale of the land to B. M. Rogers.

▇ Appellant urges that the wheat crop was "fructus industriales", that he planted the crop, cared for and harvested the same and is therefore entitled to such crop. We recognize the rule that fructus industriales belong to one who, while in possession of the land, has raised them and severed them from the land itself though it turn out that his possession was without right as against the true owner of the land. Peacock v. Bradshaw, 50 Idaho 117, 293 P. 982. However, in the present

**32**

case, appellant voluntarily sold and transferred his interest in the growing crop. He harvested the crop under a stipulation providing for the payment of the harvesting expenses out of the crop. The rule contended for by appellant is not applicable to the facts in this case.

Appellant contends that the motion for nonsuit was insufficient. Such motion was as follows: "Comes now the defendant and moves for a nonsuit on the ground that the evidence of the plaintiff himself shows that he is estopped from maintaining this action; that he has failed to prove facts sufficient to make out a prima facie case, and has failed to show facts sufficient to entitle him to a verdict, or a judgment; and on the further grounds that the demand for damages should have been litigated in the former action between this plaintiff and one B. M. Rogers. That's the substance of the motion, Your Honor."

■ The general rule is, when the insufficiency of the evidence is relied on as ground of nonsuit, the motion must specify wherein the evidence is insufficient and if it does not do so, it should be denied. Mole v. Payne, 39 Idaho 247, 227 P. 23; Coulson v. Aberdeen-Springfield Canal Co., 39 Idaho 320, 227 P. 29. The motion should call the attention of court and counsel to the particulars wherein the evidence is insufficient in order that the objection may be obviated, if possible, by additional evidence. However, if the insufficiency is of a character which could not be supplied

if attention were called to it, the reason for the rule ceases to exist. Warner v. Warner, 144 Cal. 615, 78 P. 24; In re Higgins' Estate, 156 Cal. 257, 104 P. 6; Lawless v. Calaway, 24 Cal.2d 81, 147 P.2d 604. In Magee v. Hargrove Motor Co., 50 Idaho 442, at page 446, 296 P. 774, at page 775, it is said: "The motion did not point out the particulars wherein the evidence was insufficient, as this court has held is a requisite of a motion for nonsuit when insufficiency of the evidence is relied on. (Citations omitted). However, appellant does not complain of the motion being in too general terms and it is apparent from the argument in the briefs that it was understood to be addressed to the sufficiency of the evidence to show that at the time of the accident Malicote was an agent or servant of the motor company acting within the scope of his employment. If the record bears out the conclusion of the trial court it would serve no useful purpose to reverse the judgment on account of technical defect in the motion for nonsuit, as there is doubtless in the transcript as much evidence as the plaintiff could expect to produce of liability on the part of the defendant motor company."

■ In the instant case the record discloses that appellant was aware that the claimed defect in his proof was a failure to show a reservation of the crop in the deed or by other written instrument. It is apparent such proof could not be sup-

plied. No useful purpose would be served by reversing the case on a technical defect in the motion for nonsuit.

The judgment of the trial court is affirmed. Costs awarded to respondent.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.