702 P.2d 823

Mark HANSEN, and Mark Hansen as personal representative of the Estate of Janet F. Hansen, deceased, Plaintiff-appellants,

v.

William E. SWEET and Bonnie C. Sweet, husband and wife, Defendant-respondents,

and

HANSEN RANCH, INC., Intervenor plaintiff-Counterdefendant-respondent,

v.

Mark HANSEN, and Mark Hansen as personal representative of the Estate of Janet F. Hansen, deceased, Intervenor defendants-Counterclaimants-appellants.

No. 15516.

Supreme Court of Idaho.

June 18, 1985.

Henry McQuade of Adamson, Young & McQuade, Nampa, for plaintiff-appellants.

Stanley Welsh of Clemons, Cosho & Humphrey, Boise, for intervenor respondent.

Eugene D. Fredericksen of Rettig, Fredericksen & Williams, Jerome, for respondents.

BAKES, Justice.

■ The sole issue on appeal is the division of crop share rental proceeds between a purchaser and vendor, where the purchaser has defaulted and forfeited all interest in real property to the vendor. We reverse the district court and hold [1] that: the purchaser is entitled to crop share rentals on crops severed prior to forfeiture, less the landlord's share of expenses incurred prior to forfeiture; and the vendor is entitled to crop share rentals for crops severed after forfeiture, less the landlord's share of expenses incurred after forfeiture.

Mark Hansen was the "vendor," and Hansen's Ranch, Inc.,[2] was the assignee of the "purchaser," in an installment land contract for the sale of Mark Hansen's ranch. Purchaser's intention was to develop a hunting and fishing club on the ranch. Purchaser initially took possession, but then granted a share crop lease of the entire ranch to defendant Sweet, "tenant" under the lease, reserving the hunting and fishing rights so long as these activities would not conflict with the farming operation.

Purchaser defaulted on the contract and complicated long term litigation ensued with vendor. In a previous opinion we detailed this litigation, and our previous opinion also settled certain issues raised in this appeal. *See Hansen v. Flyer's, Inc.,* 107 Idaho 472, 690 P.2d 927 (1985). We do not restate those facts and holdings here. It is sufficient to say that vendor and purchaser entered into a modified agreement on which purchaser also defaulted. On July 21, 1982, vendor sent a notice of default stating his intentions to cancel the contract and declare all purchaser's interest forfeited if the default was not cured

---

1. This holding could be varied by agreement. However, in the present case the vendor and purchaser made no provision by contract on the division of the landlord's rents or crop shares in the event of forfeiture.

2. Hansen Ranch, Inc., was the assignee of the original purchaser, Flyer's, Inc., and Mark Hansen had no family or ownership relationship to Hansen Ranch, Inc.

within 60 days. Purchaser failed to cure, and it is uncontested that forfeiture occurred on September 20, 1982, 60 days after the default notice. On this date, only part of the crops had been severed and harvested. Vendor did not attempt to oust the tenant Sweet prior to completion of the 1982 harvest. Sweet completed the harvest in October and November and supposedly left enough "grain certificates" at a local elevator to cover the crop share rentals for 1982 and a partial carryover from 1981.

Vendor Hansen filed a complaint against the tenant Sweet demanding a rental accounting and claiming rights to the total crop share rentals. Purchaser Hansen's Ranch, Inc., intervened in the lawsuit, also claiming full entitlement to the crop share rentals. Both vendor and purchaser moved for summary judgment based on the pleadings, affidavits, depositions and the transcript of the prior lawsuit between vendor and purchaser. The district court granted summary judgment and ruled that purchaser and vendor were entitled to that portion of the crop share rentals for the year 1982 equal to the percentage of the year each party was in possession prior to and after September 20, 1982, the date of forfeiture. Hence, purchaser was awarded $263/365$ths, or 72%, and vendor was awarded $102/365$ths, or 28%, of the crop share rentals after the landlord's expenses for seed and fertilizer were deducted, according to the lease agreement with the tenant. Purchaser was also awarded the entire crop share for 1981.

We are persuaded that the district court erred in the division of the 1982 crop share rentals. Although the district court cited no authority for the division set out above, the only authority which might support such a division is *Ferguson v. Sullivan,* 58 Idaho 428, 74 P.2d 183 (1937). However, the *Ferguson* rule is based on statutes applicable to an execution sale by a judgment debtor or mortgage foreclosure sale in which the prior title owner has a right of redemption. *See* Chapter 6, Title 11, Idaho Code; I.C. § 11–407. This statutory division of rent is not applicable to the present

case in which purchaser had only a purchaser's interest through the executory contract for sale and had no right of redemption in the event the purchaser's interest was forfeited.

The general rule is well settled that crops grown *and severed* through labor and industry belong to the possessor of the land, regardless of whether the possessor is title owner, equitable owner under an executory contract for sale, tenant, or adverse possessor. *See Fritcher v. Kelley,* 34 Idaho 468, 201 P. 1037 (1921); *Peacock v. Bradshaw,* 50 Idaho 117, 293 P. 982 (1930); *Davis v. Pancheri,* 72 Idaho 28, 236 P.2d 716 (1951); Annot., 95 A.L.R. 1127 (1935). It is equally clear that crops, which are not severed or harvested until after the previous occupant is ousted or the previous owner transfers the real property, belong to the subsequent possessor or transferee in the absence of a reservation or statute providing otherwise. *See* Annot., 95 A.L.R. 1127, 1132 (1935).

Applying these general rules to the present case, purchaser had no interest in the crops left growing on the property after forfeiture. The record reflects that purchaser was not in possession after September 20, 1982, and did not contest the right of vendor to declare forfeiture at that time. Therefore, on the date of forfeiture all the equitable and legal ownership rights to crops then growing on the property reverted to vendor. Vendor did not attempt to oust the tenant Sweet at the time of forfeiture, but rather allowed tenant to continue to occupy the property and complete the harvest of crops through October and November. Therefore, vendor is entitled to the crop share rentals on crops severed and harvested after September 20, subject to a pro rata share of the landlord's portion of the expenses, if any, of producing and harvesting the crop as provided in the lease. The uncontroverted deposition of tenant Sweet details the crops harvested after September 20 and the crop share rentals thereof to be $7,241.92. Vendor should have been granted summary judg-

788

ment against defendant, tenant, in that amount.

The applicable general rules also provide that vendor, Mark Hansen, had no interest in the crop share rentals on crops severed prior to September 20. Purchaser and tenant shared joint ownership in the crops which were severed and became personal property during the time that purchaser was in possession under the modified contract for the sale of the ranch. Therefore, the purchaser is entitled to the crop share rentals on all other crops severed prior to September 20. Purchaser's crop shares will also be subject to reduction by the total landlord's share of expenses for seed and fertilizer which would have been incurred prior to the date of forfeiture.[3]

The cause is reversed and remanded to the district court with instructions to enter order and judgment consistent with this opinion.

Costs to appellant. No attorney fees.

DONALDSON, C. J., HUNTLEY, J., and McFADDEN, J. Pro Tem., concur.

SHEPARD, J., sat but did not participate.

---

**3.** No issue has been raised in the present case as to the tenant's rights to his crop share or the validity of the crop share lease for 1982 and 1983. Vendor did not attempt to terminate the lease at the time of forfeiture, but apparently ratified the lease for at least the remainder of 1982. The lease term extended through November, 1983, but the record does not adequately reflect whether the lease was terminated or what dispute if any remains on the lease, although tenant did state in his deposition that he had a breach of contract claim for termination of the lease. In *Hansen v. Flyer's, Inc.,* 107 Idaho 472, 690 P.2d 927 (1985), we affirmed the trial court's denial of vendor's motion to amend the pleadings to include a claim for damages, but we specifically stated that vendor would not be barred from bringing a separate action for damages. In the present case the vendor counterclaimed for $80,000 in damages against purchaser, but the counterclaim was never pursued beyond the pleadings as far as we can determine. Neither did tenant pursue whatever claim he had for the alleged breach of the crop share lease. Neither has purchaser asserted any claim, if any, for an unconscionable penalty in forfeiture. There may be other litigation pending of which we are unaware.