998 P.2d 502

Dewey TRIMBLE, Plaintiff–Appellant,

v.

Rex ENGELKING, Defendant–
Respondent.

No. 24950.

Supreme Court of Idaho,
Boise, December 1999 Term.

April 11, 2000.

Hepworth, Lezamiz & Hohnhorst, Char-
tered, Boise, for appellant. John J. Janis
argued.

Howard, Ellsworth, Ipsen & Perry, PLLC,
Boise, for respondent. John P. Howard ar-
gued.

KIDWELL, Justice.

Appellant, Dewey Trimble, asserts that the
district court abused its discretion on remand
by not allowing him to amend his complaint.
We agree.

## I.

### FACTS AND PROCEDURAL
### BACKGROUND

On August 15, 1992, Dewey Trimble was
seriously injured when the vehicle he was
driving was struck by a vehicle driven by
Rex Engelking. Engelking was insured by
Horace Mann Insurance Company (Horace
Mann). Trimble's attorney contacted Horace
Mann about Trimble's injuries, and learned
that Engelking had died in May of 1993.

Trimble filed a complaint on August 10,
1994, naming Engelking only, and not En-
gelking's estate as a defendant. The com-
plaint acknowledged that Engelking was
deceased, but claimed a right to recovery
pursuant to I.C. § 15–3–803(d) (subsequent-
ly renumbered 803(e), regarding the nature
of a claim brought to establish liability un-
der an insurance policy).

On November 17, 1994, Engelking's estate
filed a motion for judgment on the pleadings,
claiming that the suit was a "nullity" because
it failed to name a living person. On Decem-
ber 20, 1994, Trimble replied with a motion

to amend his complaint. The district court, on September 29, 1995, granted Engelking's motion for judgment on the pleadings and dismissed the complaint. Trimble appealed the district court's dismissal.

On appeal, this Court determined that I.C. § 15-3-803 "does not authorize suits brought directly against decedents." *Trimble v. Engelking*, 130 Idaho 300, 302, 939 P.2d 1379, 1381 (1997). This conclusion, however, was not fatal to Trimble's complaint. The Court explained that because the district court had relied on the nullity theory, which the Court expressly chose not to adopt, the case had to be remanded. On remand, the district court was to determine "whether Trimble met the requirements of I.R.C.P. 15(c)[1] for amendment of the complaint and relation back to the date of the original filing." *Id.* at 303, 939 P.2d at 1382. The Court concluded that "[w]hile the court below did discuss Rule 15(c) in its decision, we conclude that it did not fully explore its exercise of discretion under that rule." *Id.*

On July 9, 1998, the district court issued its memorandum decision and order on remand. The district court began its decision by expressing its confusion at this Court's instruction on remand. It then noted that the statute Trimble was arguing on remand, I.C. § 15-3-802(b), had first been raised to this Court on Trimble's first appeal. The district court then held that it did not have the jurisdiction to consider the statute because it was not raised prior to appeal.

After setting out and reviewing the requirements of I.R.C.P. 15(c), the district court determined that Trimble failed to meet the requirement that " 'notice of the institution of the action' [be provided] to the Estate within 'the period provided by law for commencing the action.' " This determination resulted from the court's conclusion that even though Horace Mann might have been aware of Trimble's intent to file a complaint, cases from this Court require that notice

"pertains to an action that has already been commenced, not one that the parties intend to file."

The district court then ruled that Trimble's "misnomer" argument was not applicable because Trimble was trying to do more than just correct the spelling of a name — he was, in fact, trying to add a new party defendant. Holding that Trimble had failed to meet the requirements of I.R.C.P. 15(c), the district court again denied Trimble's motion to amend his complaint. Trimble appeals that decision.

## II.

### STANDARD OF REVIEW

"The decision to grant or deny a party's motion to amend a pleading is left to the trial court's discretion, and we will not reverse such a ruling absent an abuse of this discretion." *Trimble*, 130 Idaho at 303, 939 P.2d at 1382; *see also Vaught v. Dairyland Ins. Co.*, 131 Idaho 357, 360, 956 P.2d 674, 677 (1998). When determining whether the trial court has abused its discretion, this Court applies a three-factor test. *Cook v. State, Dep't of Transp.*, 133 Idaho 288, 296, 985 P.2d 1150, 1158 (1999). These factors are: "1) whether the trial court correctly perceived the issue as one of discretion, 2) whether the trial court acted within the boundaries of this discretion and consistent with legal standards applicable to the specific choices available to it, and 3) whether the trial court reached its decision by an exercise of reason." *Id.*

## III.

### ANALYSIS

**The District Court Abused Its Discretion On Remand When It Failed To Consider The Applicability Of I.C. § 15-3-802(b).**

Trimble asserts that the district court abused its discretion by refusing to consider

---

1. I.R.C.P. 15(c) states: "[a]n amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by the amendment (1) has received

such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

I.C. § 15–3–802(b) (providing a four-month tolling of the applicable statute of limitations following a decedent's death). On remand, the district court held that, even though the application of this statute would likely be dispositive of the issue, the district court did not have jurisdiction to consider the issue because it was first raised on appeal to this Court.

After considering all relevant issues raised on appeal, this Court remanded the case and issued a decision which required the district court to "fully explore its exercise of discretion under" I.R.C.P. 15(c). *Trimble,* 130 Idaho at 303, 939 P.2d at 1382. As the district court noted in its decision on remand, the only element of I.R.C.P. 15(c) which Trimble was lacking was that Trimble failed to provide Engelking, or his estate, with notice of the lawsuit within the period of time provided for by law.

■ It is well settled law in Idaho that Idaho appellate courts will not consider an issue raised for the first time on appeal. *Post Falls Trailer Park v. Fredekind,* 131 Idaho 634, 637, 962 P.2d 1018, 1021 (1998); *Schiewe v. Farwell,* 125 Idaho 46, 49, 867 P.2d 920, 923 (1993). However, in the present case, while the issue of the applicability of I.C. § 15–3–802(b) was not specifically cited by Trimble prior to his first appeal, the issue of timeliness of notice to the decedent's estate was central to Trimble's appeal. Thus, this is not a case where the issue was raised for the first time to the trial court on remand.

This Court recently discussed the nature of the district court's jurisdiction on remand. In *J.R. Simplot Co. v. Chemetics Int'l Inc.,* 130 Idaho 255, 939 P.2d 574 (1997), the nature of the appeal involved a commercial transaction which subjected the litigation to an award of attorney fees under I.C. § 12–120(3). *Id.* at 257, 939 P.2d at 576. The Court remanded the case "so that Simplot's attorney fee award as the prevailing party on Count III may be modified in accordance with this opinion." *Id.*

On remand, the district court reduced Simplot's award of fees by one-half. Chemetics then sought an award of costs and fees because it had prevailed on the issue appealed.

*Id.* However, the district court determined that it did not have jurisdiction to award costs and fees because it was not specifically directed by this Court to do so on remand. *Id.* On the second appeal, this Court discussed the nature of the district court's limitations on remand, holding that "a trial court is free to correct any error in its original findings and conclusions as to matters not passed on by the appellate court." *Id.* at 257–58, 939 P.2d at 577–78. Determining that it had not passed on the issue in the first appeal, the Court ruled that the award of attorney fees for the issue of the prevailing party was "a subsidiary issue fairly comprised therein." *Id.* at 258, 939 P.2d at 577 (internal citations omitted).

■ While not discussed in the Court's order on remand, the issue of the applicability of I.C. § 15–3–802(b) was considered by this Court on Trimble's first appeal. The direction to the district court on remand to "fully explore its exercise of discretion under" I.R.C.P. 15(c), *Trimble,* 130 Idaho at 303, 939 P.2d at 1382, was intended to require the district court to consider all applicable laws relating to the issue of timeliness of notice to the decedent's estate. Thus, we hold that the district court abused its discretion on remand when it failed to consider the applicability of I.C. § 15–3–802(b).

Further, it should be noted that at oral argument before this Court both parties conceded that if I.C. § 15–3–802(b) is applicable then the motion to amend the complaint should be allowed.

### IV.

### CONCLUSION

The applicability of I.C. § 15–3–802(b) was the within this Court's order to the district court on remand to fully explore whether the requirements of I.R.C.P. 15(c) had been met. The decision of the district court is vacated and the matter remanded to the district court to consider the applicability of I.C. § 15–3–802(b) to Trimble's amended com-

plaint. No attorney fees are awarded on appeal. Costs to appellant.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS, concur.