130 P.3d 1146

FIRST STATE BANK OF ELDORADO,
Plaintiff–Respondent,

v.

James B. ROWE and Janet I. Rowe,
husband and wife, Defendants–
Appellants,

and

Household Finance Corp., III, an Idaho
corporation, Defendant.

Cary Van Etten, as the Butte County
Sheriff, Plaintiff–Respondent,

v.

James Rowe and Janet Rowe, husband and
wife, and Pro Indiviso, Inc., an Idaho
corporation, Defendants–Appellants,

and

Darrell E. McDonald and Nancy Mc-
Donald, Richard (Rick) Reynolds and
Jacqueline Reynolds, husband and wife,
First Bank of Eldorado, an Illinois cor-
poration, Defendants–Respondents.

Cary Van Etten, as the Butte County
Sheriff, Plaintiff–Counterdefendant,

v.

James Rowe and Janet Rowe, husband and
wife, and Pro Indiviso, Inc., an Idaho
corporation, Defendants–Counterclaim-
ants–Cross Claimants,

and

Darrell E. McDonald and Nancy Mc-
Donald, Richard (Rick) Reynolds and
Jacqueline Reynolds, husband and wife,
First State Bank of Eldorado, an Illi-
nois corporation, Defendants–Cross De-
fendants.

No. 30099.

Supreme Court of Idaho,
Boise, May 2005 Term.

Feb. 28, 2006.

Baker & Harris, Blackfoot, for appellants. Jared M. Harris argued.

Rigby, Thatcher, Andrus, Rigby & Moeller, Chtd., Rexburg, for respondents Darrel E. McDonald and Nancy McDonald; Blaser, Sorensen & Hansen, Chtd., Blackfoot, for respondents Richard Reynolds and Jacqueline Reynolds; and May, Sudweeks & Browning, LLP, Twin Falls, for respondent First State Bank of Eldorado. Gregory W. Moeller argued.

SCHROEDER, Chief Justice.

This case involves interpretation and application of the doctrine of *fructus industriales,* fruits of industry, to determine the rights to crops growing on property that is redeemed following foreclosure. Issues concerning attorney fees are also presented.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 1999, First State Bank of Eldorado (FSB) filed an action for the foreclosure of property against James and Janet Rowe (the Rowes) and Household Finance Corp. III, an Idaho corporation and junior lien holder. The property is a residence and surrounding farmland (the Subject Property) located in Butte County, Idaho. FSB sought a money judgment, attorney's fees of $5,000.00 in the event of default or an exact amount to be proved at trial, and an order of foreclosure. A default judgment was entered on June 6, 2001, and a judgment of foreclosure followed, awarding FSB $286,415.51 and ordering a foreclosure sale.

On September 10, 2001, the Sheriff of Butte County sold the Rowes' property[1] to FSB for a credit bid of $219,000.00. On November 13, 2001, FSB filed a writ of restitution seeking to remove the Rowes from their residence and the Subject Property. The Rowes objected to the writ. During hearing on the objection the Rowes arranged to rent the residence on the Subject Property from FSB for $400.00 per month.

On May 1, 2002, FSB leased the Subject Property to Richard and Jacqueline Reynolds (the Reynolds) for a six-month term ending October 31, 2002, the duration of the 2002 crop season. The Reynolds sublet approximately 90 acres of the Subject Property to Darrell and Nancy McDonald (the McDonalds) for a term also ending October 31, 2002. The Reynolds' lease provided that the total cost of rent would be reduced by any amounts spent to repair the existing irrigation system and/or pay outstanding electrici-

---

1. The Subject Property referenced here does not include the property known as Tract A. Tract A was sold to a third-party, not a party in this case, for the sum of $67,000.00.

ty arrearages. The McDonalds' sublease provided a similar method of consideration.

The Reynolds and McDonalds paid the outstanding utility charges owing on the Subject Property and made significant repairs to the existing irrigation system. They also removed an existing hay crop and prepared their respective leaseholds for alternative crops. The Reynolds planted barley and the McDonalds planted seed potatoes.

On September 10, 2002, prior to the harvest of either crop, Pro Indivisio, Inc. (Pro Indivisio), an assignee of the Rowes, redeemed Tracts B, C, D and E of the Subject Property from FSB for $240,880.00. Shortly thereafter the Rowes, acting on behalf of Pro Indivisio, placed "no trespassing" signs on the property, installed gates blocking entrances, and notified the sheriff of their intent to assert ownership of the Subject Property. Butte County Sheriff, Cary Van Etten, (Sheriff) filed a declaratory judgment action to determine the rights of the parties and to preserve the peace and avoid further litigation against his office. As a part of this action the Sheriff obtained a temporary restraining order (TRO) against the Rowes and Pro Indivisio to prevent them from occupying the property. The TRO was amended on September 23, 2002, to allow the Rowes to occupy the residence.

On September 25, 2002, the Rowes filed for a writ of assistance and a writ of restitution regarding the foreclosure action. The McDonalds moved to intervene and objected to the Rowes' motion. The district court consolidated the sheriff's action and the foreclosure action and granted the McDonald's motion to intervene. The Rowes also filed a counterclaim against the Sheriff's declaratory judgment action and cross-claimed for damages against FSB, the Reynolds and the McDonalds.

The district court issued a preliminary injunction against the Rowes and Pro Indivisio, preventing either from entering the Subject Property. The court also ordered that the crops be harvested and sold by the Reynolds and McDonalds with the proceeds to be deposited with the court. The district court ruled that Pro Indivisio had possession of the property, subject to the Reynold's and Mc-

Donald's right to harvest the crops. The Reynolds and the McDonalds harvested their respective crops and deposited the proceeds with the court.

The Rowes moved that the trial on possession and ownership of the crops be bifurcated from the trial on damages. The district court granted the motion. The Rowes and Pro Indivisio moved for summary judgment on the issue of ownership and possession of the crops only. The McDonalds filed a cross-motion for summary judgment. The Sheriff subsequently filed a motion for summary judgment on the declaratory judgment action and counterclaims brought by the Rowes and Pro Indivisio. The district court granted the McDonald's motion in part, quieting title to the crops and any proceeds of the crops in their favor, but finding Pro Indivisio was entitled to possession of the Subject Property. The court granted the Sheriff's summary judgment motion on the declaratory judgment action and dismissed all counterclaims against him.

After the trial on possession of the crops was vacated, the Rowes and Pro Indivisio filed cross-claims on the remaining damages issue for fair rental value of the ground, sprinkler equipment, damage to a fence, encumbrance on an unpaid power bill, and treble damages for willful trespass. The Rowes and Pro Indivisio also sought damages against FSB for overpayment on the redemption amount and rents received from the Reynolds and the McDonalds following the period in which the property was redeemed. Following trial, the district court determined that the Rowes lacked standing to claim damages to the Subject Property and that Pro Indivisio had failed to establish compensable damages.

The Rowes and Pro Indivisio filed a motion for reconsideration. The district court denied this motion, finding FSB was entitled to the $9,000.00 in attorney's fees on the original default foreclosure action and $5,352.21 based on a memorandum of costs and attorney's fees filed with the court on May 20, 2002. The district court also granted attorney's fees to the Reynolds in the amount of $4,312.50 and to the McDonalds in the

**612**

amount of $8,616.50 under I.C. § 12–121. Both parties were awarded costs as a matter of right in the amount of $47.00. The Rowes and Pro Indivisio appealed these awards, the prior foreclosure judgment, and the partial summary judgment on the issue of ownership and possession of the harvested crops.

The Rowes and Pro Indivisio argue that the district court erred in finding they were not entitled to immediate possession of the Subject Property upon redemption, including the unsevered crops. Additionally, they appeal the district court's ruling on the amount of redemption owed and the award of attorney's fees to the Reynolds and McDonalds. The Reynolds and the McDonalds seek an award of attorney's fees and costs on appeal.

## II.

### THE ROWES LACK STANDING

■ Idaho Appellate Rule 4 states:

Any party aggrieved by an appealable judgment, order or decree, as defined in these rules, of a district court, the Public Utilities Commission or the Industrial Commission may appeal such decision to the Supreme Court as provided in these rules.

I.A.R. 4 (2004). A "party aggrieved" has been defined "as any party injuriously affected by the judgment." *Fed. Land Bank of Spokane v. Parsons,* 116 Idaho 545, 548, 777 P.2d 1218, 1221 (Ct.App.1989) (citing *Roosma v. Moots,* 62 Idaho 450, 112 P.2d 1000 (1941)).

■ The Rowes assigned their right of redemption to Pro Indivisio. An assignment is a transfer of rights or property. *Purco Fleet Servs., Inc. v. Idaho State Dep't of Finance,* 140 Idaho 121, 125, 90 P.3d 346, 350 (2004) (citing Black's Law Dictionary 115 (7th ed.1999)). "To be effective, an assignment must be completed with a delivery, and the delivery must confer a complete and present right on the transferee. The assignor *must not retain control over the property assigned, the authority to collect,* or the power to revoke." *Id.* at 126, 90 P.3d at 351. (quoting 6 Am.Jur.2d Assignment § 132 (1999) (emphasis added)).

■ The Rowes' assignment of their right of redemption to Pro Indivisio included all rights to title, ownership and possession of the Subject Property once redeemed. They cannot claim ownership or possession of the crops without a right to ownership or possession of the land upon which the crops are harvested. Consequently, they were not aggrieved by the district court's partial summary judgment and do not have standing to appeal this issue.

■ Likewise, the Rowes do not have standing to appeal the attorney's fees incorporated into the redemption amount because they assigned their right of redemption to Pro Indivisio and have failed to demonstrate an identifiable injury. Standing requires that a party "allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Gibbons v. Cenarrusa,* 140 Idaho 316, 318, 92 P.3d 1063, 1065 (2002) (quoting *Miles v. Idaho Power Co.,* 116 Idaho 635, 641, 778 P.2d 757, 763 (1989)). The attorney fee awards were included in the total amount required to redeem the Subject Property. As the Rowes' assignee, Pro Indivisio redeemed the Subject Property and thereby paid all outstanding attorney fees. There is nothing in the Record suggesting the Rowes are now or will be obligated to repay Pro Indivisio for these fees. The Rowes have failed to assert an identifiable injury and are without standing to appeal.

## III.

**THE DISTRICT COURT DID NOT ERR IN GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF THE REYNOLDS AND THE MCDONALDS ON THE ISSUE OF OWNERSHIP AND POSSESSION OF THE CROPS FOLLOWING REDEMPTION OF THE SUBJECT PROPERTY BY PRO INDIVISIO**

### A. STANDARD OF REVIEW

**1. Summary Judgment.**

■ Review by the Supreme Court of an entry of summary judgment is the same as that required by the district court when

ruling on the motion. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c) (2004); *id.* In determining whether there are genuine issues of material fact the court reviews all evidence in the light most favorable to the non-moving party. I.R.C.P. 56(c); *id.* If the evidence shows no disputed issues of material fact, what remains is a question of law over which the appellate court exercises free review. *Sacred Heart Med. Ctr. v. Boundary County*, 138 Idaho 534, 535, 66 P.3d 238, 239 (2003).

### 2. Appellate review of findings of fact and conclusions of law.

 The Supreme Court exercises free review over a district court's conclusions of law. *Trimble v. Engelking*, 134 Idaho 195, 196, 998 P.2d 502, 503 (2000). Idaho Rule of Civil Procedure 52(a) sets forth the standard of review of a non-jury district court's findings of fact. *Williamson v. City of McCall*, 135 Idaho 452, 454, 19 P.3d 766, 769 (2001) (citing I.R.C.P. 52(a)). Idaho Rule of Civil Procedure 52(a) states:

> In all actions tried upon the facts without a jury ... the court shall find the facts specifically and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. Findings of fact shall not be set aside unless clearly erroneous. In application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses that appear before it.

I.R.C.P. 52(a) (2004). "In determining whether a finding is clearly erroneous this Court does not weigh the evidence as the district court did." *Williamson*, 135 Idaho at 454, 19 P.3d at 769. This Court inquires "whether the findings of fact are supported by substantial and competent evidence." *Id.* (citation omitted). This Court will not substitute its view of the facts for that of the district judge. *Id.* (citation omitted). "Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact had been proven." *Id.*

### 3. The district court did not err in determining that the Reynolds and McDonalds were entitled to continue growing crops after redemption had occurred.

Upon redemption the effect of a sale is terminated and the debtor is restored to his estate. I.C. § 11–403; *see Steinour v. Oakley State Bank*, 45 Idaho 472, 480, 262 P. 1052, 1055 (1928), and *Kilpatrick Bros. Co., v. Campbell*, 48 Idaho 194, 198, 281 P. 471, 472 (1929). Pro Indivisio asserts that the Rowes were entitled to be restored to possession of the Subject Property and that their possession should have been the same as that prior to foreclosure, free of any tenancies. According to Pro Indivisio the right to possession following redemption extends to any crops growing on the Subject Property, *Hansen v. Sweet*, 108 Idaho 785, 787, 702 P.2d 823, 825 (1985), regardless of the time of redemption. Pro Indivisio asserts the bright line rule that the Rowes would be entitled to the unsevered crop even if the redemption occurred minutes before harvest began. This position is untenable.

I.C. § 11–407 states:

> The purchaser, from the time of sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive, from the tenant in possession, the *rents* of the property sold, or the *value of the use and occupation* thereof.

I.C. § 11–407 (2004) (emphasis added). The Rowes were entitled to the rents or profits they would have received had they maintained ownership during the redemption period. Nothing in I.C. § 11–403 indicates that being restored to one's estate upon redemption requires forfeiture of any growing crops, by the person who grew them. To the extent rents were owed to the Rowes, the Rowes were substantially compensated by way of the McDonald's paying their outstanding utility charges owed on the property.

In *Hansen v. Sweet*, 108 Idaho 785, 787, 702 P.2d 823, 825 (1985), the court articulated the following principle:

> The general rule is well settled that crops grown *and severed* through labor and industry belong to the possessor of the land, regardless of whether the possessor is title owner, equitable owner under an executory contract for sale, tenant, or adverse possessor. *See Fritcher v. Kelley*, 34 Idaho 468, 201 P. 1037 (1921); *Peacock v. Bradshaw*, 50 Idaho 117, 293 P. 982 (1930); *Davis v. Pancheri*, 72 Idaho 28, 236 P.2d 716 (1951); Annot., 95 A.L.R. 1127 (1935). It is equally clear that crops, which are not severed or harvested until after the previous occupant is ousted or the previous owner transfers the real property, belong to the subsequent possessor or transferee in the absence of a reservation or statute providing otherwise. *See Annot.*, 95 A.L.R. 1127, 1132 (1935).

Applying this general principle, the Reynolds and McDonalds remained in possession pursuant to a court order and severed the crops from the land while in possession.

*Hansen* relies on several cases discussing the doctrine of *fructus industriales* which states that the person who raises and severs crops, though their possession was without right as against a true owner, is entitled to the crops. *Fritcher v. Kelley*, 34 Idaho 468, 470, 201 P. 1037, 1040 (1921):

> Appellant claims that the crops were part of the realty and as such belonged to him. They were all *fructus industriales,* that is, crops produced by labor and industry. We approve the rule that fructus industriales belong to one who, while in possession of the land, has raised them and severed them from the land itself, though it turn out that his possession was without right as against the true owner of the land.

*See also Peacock v. Bradshaw,* 50 Idaho 117, 293 P. 982 (1930); *Davis v. Pancheri,* 72 Idaho 28, 236 P.2d 716 (1951) (affirming the doctrine of *fructus industriales* ).

The Rowes argue that the McDonald's lease should have been held void at the time of redemption. Otherwise a tenant with a multi-year lease would be allowed to continue possession despite the fact that the property had been redeemed. The lease in this case was for one crop year. The issue argued by the Rowes is not present.

## IV.

## THE AWARD OF ATTORNEY FEES MUST BE MODIFIED

The Rowes argue that the court erred (1) in awarding FSB more attorney's fees than it requested for the foreclosure action, (2) in awarding additional fees to FSB following foreclosure when no motion or explanation was made, and (3) in finding FSB complied with I.C. § 11–402 requiring an affidavit as proof in support of a fee request.

In the original foreclosure action, FSB requested attorney's fees in the amount of $5,000 in the event of default or an exact amount to be proven at trial. FSB did not submit an affidavit in support of this request, but the district court awarded FSB $9,000 in attorney's fees. Idaho Rule of Civil Procedure 54(c) provides: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The award of attorney fees is in excess of the amount prayed for in the demand for judgment. Judgment was taken by default. The award above $5,000 is vacated.

The district court granted an additional $5,352.51 to FSB for fees incurred to collect on the judgment during the period of redemption. This request was supported by a memorandum of costs and attorney's fees which itemized the amount of time and rate for attorney and paralegal fees. The memorandum included affidavits that the fees were correct and incurred by FSB in furtherance of its writ of restitution action. The memorandum did not include information as to when or how the fees were earned. FSB attempted to file a supplemental affidavit further explaining the nature of these fees, but the district court refused to admit this affidavit on grounds it was filed fifty-seven days after the original memorandum and thus untimely. FSB's prior itemization was

not detailed.[2] However, the district court was in a position to make a determination of the reasonableness of the amount having the number of hours and hourly rate before it. The award of fees and costs is affirmed.

█ FSB argues that Pro Indivisio does not have standing to challenge the court's award of attorney's fees because it was assigned only the right of redemption and furthermore because the original foreclosure debt was left unsatisfied. Idaho Code § 11-402 specifically applies to both the judgment debtor and/or a redemptioner. As the redemptioner, Pro Indivisio was required to pay the attorney fees. Pro Indivisio has standing to challenge the award.

FSB argues that the original foreclosure amount was left unsatisfied and therefore Pro Indivisio has failed to assert an identifiable injury. This assertion is without merit. FSB has failed to account for the $67,000 it received from a non-party in the foreclosure sale. Tract A was sold to a non-party for $67,000. When that sale is combined with the amount received from Pro Indivisio in redemption ($219,000.00[3]), the total amount received by FSB was $286,000.00. FSB's original judgment was for $286,415.51. Thus the actual amount left owing on the foreclosure judgment is $415.51.

## V.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEY'S FEES UNDER IDAHO CODE § 12-121

█ Under I.C. § 12-121 and I.R.C.P. 54(e)(1), a court may award attorney fees to a prevailing party where it finds the case was brought, pursued or defended frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1); I.C. § 12-121 (2004). In determining the prevailing party, the court examines the final result obtained in relation to the relief sought, whether there were multiple claims or issues, and the extent to which either party prevailed on each separate issue or claim. *Fellowship Tabernacle, Inc. v. Baker*, 125 Idaho 261, 264, 869 P.2d 578, 581 (Ct.App.1994).

█ The district court awarded attorney's fees under I.C. § 12-121 in relation to both the Rowes' and Pro Indivisio's suits for damages and possession of the crops. The court found that the claims brought by the appellants were without merit and/or unsupported in law. The appellants have not challenged the award of fees as to the damage claims, but they contend that attorney's fees under I.C. § 12-121 were inappropriate because I.C. § 11-403 entitled them to immediate possession of the Subject Property following redemption and that such possession included any crops growing on the property. There was well-established law to the contrary, and there were no disputes of fact involved in this issue. Regarding the award of attorney's fees against the Rowes, such fees were appropriate under I.C. § 12-121. The Rowes fully assigned their right of redemption to Pro Indivisio and were without standing to challenge the Reynold's and Mc-Donald's possession of the crops.

The district court did not abuse its discretion in awarding attorney's fees under I.C. § 12-121 against the Rowes and Pro Indivisio.

## VI.

## ATTORNEY FEES ARE ALLOWED ON APPEAL

█ An award of attorney fees is appropriate where the appellate court is left with

---

**2.** "[T]he amount necessary to redeem the property sold under execution shall not include any sum for attorney's fees greater than the fee actually paid by the judgment creditor or which the judgment creditor has by written instrument become unconditionally obligated to pay to his attorney for prosecuting his claim to judgment; and provided, further, *the amount of such fee shall be proven by affidavits of the attorney who has paid the fee or by other competent evidence to be presented to the sheriff* for his guidance in carrying out the provisions of law relating to redemption; *and provided further, that such redemptioner shall not be required to pay any attorney's fees unless such fees shall have been paid within six (6) months after the sheriff's certificate of sale shall have issued, or within such time the judgment creditor has become unconditionally obligated by written instrument to pay such fees.*"

I.C. § 11-402(2004) (emphasis added).

**3.** Plus interest Pro Indivisio actually paid $240,880.00 to redeem.

an abiding belief that an appeal was brought, pursued or defended frivolously, unreasonably or without foundation. I.C. § 12–121 (2004); I.R.C.P. 54(e)(1) (2004); *Albee v. Judy,* 136 Idaho 226, 231, 31 P.3d 248, 253 (2001). Pro Indivisio's appeal prevailed on the award of attorney fees to FSB on default. Consequently, the Court will not award fees to FSB. The Reynolds did not make an adequate request for attorney fees. The McDonalds are a prevailing party, and the appeal as to them was unreasonable in the face of established law. Attorney fees are awarded to the McDonalds.

## VII.

## CONCLUSION

The judgment of the district court is affirmed, except as to the excessive award of attorney fees. The case is remanded for entry of an amended judgment in accordance with this opinion. The Reynolds, McDonalds and FSB are awarded costs on appeal. Attorney fees on appeal are awarded to the McDonalds.

Justices TROUT, EISMANN, BURDICK and JONES concur.

