# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38189-2010

JOSEPH MICHAEL ABOLAFIA,

      Plaintiff-Respondent,

v.

REBECCA REEVES,

      Defendant-Respondent.

_____

KENNETH PAUL ADLER, Guardian ad Litem,

      Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Coeur d'Alene, April 2012 Term

2012 Opinion No. 65

Filed: April 26, 2012

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Bonner County. The Hon. Benjamin R. Simpson, District Judge; the Hon. Debra A. Heise, Magistrate Judge.

The judgment of the district court is <u>affirmed</u>.

Charles B. Bauer and Margalit Z. Ryan, Bauer & French, Boise, argued for appellant.

Suzanne Fegelein, Powell & Reed, Sandpoint, argued for defendant-respondent.

Glorianne Gooding-Jones, Sandpoint, argued for plaintiff-respondent.

_____

EISMANN, Justice.

The appellant in this case had been appointed as a guardian ad litem for children whose parents were involved in a proceeding to modify the custody provisions of their divorce decree. After the parties reached an agreement to resolve their dispute and the magistrate court terminated the appellant as the guardian ad litem, the appellant sought to appeal, challenging his termination. The district court held that he did not have standing to appeal, and it dismissed the appeal and awarded attorney fees to the parents pursuant to Idaho Code section 12-121.

# I.

## Factual Background.

Joseph M. Abolafia (Father) and Rebecca Reeves-Abolafia (Mother) were divorced by a decree entered on August 29, 2006. The decree awarded the parties joint legal and physical custody of their two minor children, with the children's primary residence being with Mother. On May 9, 2007, Mother filed a petition to modify the decree by granting her sole legal custody of the children with respect to health and education issues. On May 15, 2007, Father filed a motion to appoint a guardian ad litem for the children, and at the hearing on that motion the parties orally stipulated that a guardian ad litem be appointed.

By order entered on June 12, 2007, the magistrate court appointed Kenneth Adler as the guardian ad litem. He was ordered to "prepare a written report for the Court concerning the child [sic] and his [sic] present circumstances and submit the report to the Court and counsel." Each party was to pay one-half of the cost of Adler's services. During the ensuing eight months, Adler did not submit any report to the court.

On January 18, 2008, Adler filed a motion to join the children as parties to the action, to be permitted to file an independent claim on their behalf, and to require Mother to respond to discovery promulgated by Adler. Mother filed a motion to terminate the appointment of Adler as guardian ad litem on the grounds that the parties had negotiated a settlement to resolve the issues between them and that the continued appointment of Adler would increase the fees for all parties. The parties also filed their written stipulation to modify the child custody provisions of the divorce decree.

The various motions were scheduled for hearing at the pretrial conference on February 4, 2008, which was three weeks before the trial. Before deciding which motion to take first, the magistrate court addressed the parties regarding the stipulation to resolve the motion to amend the decree. Under the stipulation, the decree would not be modified as to joint legal custody, but it would be modified as to the times Father would have physical custody of the children. Counsel for both parties stated that they agreed to the stipulation and that the parties' abilities to communicate had improved during the process. In fact, counsel stated that it was the parties who negotiated the stipulation between themselves. The parties also stated to the magistrate that they were communicating much better. The court went over the terms of the stipulation, and Adler

2

stated that in his opinion there was nothing wrong with the schedule the parties had agreed upon. When asked whether, considering the best interests of the children, Adler approved of the structure of the visitation schedule, he stated that he did. His objections were that he had not been consulted regarding the stipulation and that he wanted the parties to litigate other issues not covered by the stipulation.

After considering the comments by the parties and their respective counsel and Adler's comments, the magistrate court stated that it accepted the stipulation, and it orally granted the motion to terminate Adler as guardian ad litem. On February 15, 2008, the court entered the order terminating Adler as guardian ad litem and the order modifying the divorce decree pursuant to the parties' stipulation.

On March 21, 2008, Adler, acting pro se, filed a notice of appeal, stating that he was appealing from the order modifying the divorce decree and from the order terminating him as guardian ad litem. The issues that he sought to raise on appeal were:

> 1. The GAL [guardian ad litem] having claimed by motion an interest in the subject matter of the litigation, and having sought to be joined in the action, joinder was mandatory [under Rule 19(a)(1)], and the court erred in refusing to grant joinder.
> 2. The magistrate violated the children's, and the GAL's, due process rights by depriving them of the opportunity to participate in the action as parties in thier [sic] own right.
> 3. The magistrate's decision to dismiss the GAL and proceed to dispose of the case on its merits, was an abuse of discretion.
> 4. Where the court has appointed a guardian for the children, the guardian has accepted those duties, his standing to appeal adverse rulings is the same as for any party, and his decision to pursue such an appeal is properly within the scope of his appointment, particularly where the appeal challenges an erroneous dismissal.

Adler sought to be reinstated as the guardian ad litem, to be "joined and named as an Independent Claimant," to be permitted to file his independent claim, and to have the order entered pursuant to the parties' stipulation vacated.

After hearing oral argument on the appeal, the district court remanded the case to the magistrate to make further findings in the following issues:

> a. What facts support, and under what authority may the Magistrate Judge take up the Motion to Terminate the Guardian Ad Litem, before hearing the pending motions of the Guardian Ad Litem, which were scheduled for hearing at the same time?

3

b. What facts support, and under what authority does the Magistrate Judge grant the stipulated Motion to Terminate the Guardian Ad Litem?

c. What facts support, and under what authority does the Magistrate Judge determine that the stipulated modification of child custody decree of the parties is in the best interests of the minor children of the parties?

On August 11, 2010, the magistrate entered additional findings as requested by the district court. In those findings, the magistrate stated that the only authority for the appointment of a guardian ad litem in the case was the consent of the parties pursuant to the local practice in Bonner County and that, upon the court's acceptance of the parties' stipulation to resolve the matter, continued involvement of Adler as guardian ad litem became moot.

On September 7, 2010, the district court entered its decision on appeal. The court held that Adler did not have the authority to litigate the interests of the children; that the primary purpose of Adler's appointment was to conduct an investigation and to report to the court regarding facts relative to the best interests of the children; that Adler served at the pleasure of the magistrate; and that the magistrate properly terminated Adler's appointment on February 15, 2008. The district court also held that Adler did not have the authority to appeal his termination, that the order terminating him was not an appealable order, that Adler had no standing to bring the appeal, and that his appeal was brought unreasonably and without foundation. It therefore awarded Father and Mother attorney fees pursuant to Idaho Code section 12-121. Adler then appealed to this Court.

## II.

### Did Adler Have Standing to Appeal the Orders of the Magistrate Court?

"Standing is a preliminary question to be determined by this Court before reaching the merits of the case." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). To satisfy the requirement of standing, "litigants generally must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Id.* The alleged injury must be to the litigant whose standing is at issue. *Troutner v. Kempthorne*, 142 Idaho 389, 392, 128 P.3d 926, 929 (2006).

4

The magistrate court appointed Adler as guardian ad litem for the children of the parties in connection with Mother's proceedings to modify the custody provision of the divorce decree. The children were not parties to the litigation, and Adler was not appointed to be their legal counsel. His primary duty was to conduct an investigation and prepare a written report to the court regarding the best interests of the children. During the eight months of his appointment, Adler did not manage to prepare the report. Ultimately, the parties agreed to a resolution of their dispute and the magistrate court determined that it no longer needed Adler's services.

Because Adler served at the pleasure of the magistrate court, it could terminate his appointment at any time when the court, in its sole discretion, determined that it no longer needed his services. The court's decision to terminate his services did not have to be supported by any factual findings, nor did the court have to give a reason. All that was required was for the court to decide that it no longer desired Adler's services. Once the court made that decision and entered the order terminating him as a guardian ad litem, he ceased to be the guardian ad litem. Adler had no right to continue in the role of guardian ad litem for the children, nor did he have any legally protected interest that was impacted by the court terminating him as guardian. Because he was not a party to this litigation and did not represent a party, he had no right to challenge the court's decision regarding the custody of the children. He had no standing to appeal to the district court because he had no justiciable interest in this litigation. Although he may have been miffed by his termination as guardian ad litem, injury to his pride is not justiciable. After he was terminated as guardian ad litem on February 15, 2008, his actions in appealing to the district court have simply been those of an officious intermeddler. He had no standing to appeal.

## III.

### Does Adler Have Standing to Appeal the Decision of the District Court?

After the district court affirmed the order of the magistrate court[1] and awarded attorney fees to Father and Mother, Adler retained Bauer and French to represent him in an appeal to this Court. In this appeal, Adler seeks to raise on appeal the following issues:

---

[1] Because, as the district court held, Adler did not have standing to appeal, the appropriate order would have been to dismiss the appeal rather than to affirm the decision of the magistrate judge. Affirmance indicates a consideration of the merits of the appeal, which Adler did not have standing to challenge.

5

1) Did the trial court err in summarily terminating the Guardian ad Litem before it addressed his concerns regarding the best interest of the children?

2) Did the trial court err in approving and entering a stipulated custody agreement without proper discussion of the best interest of the children?

3) Did the district court err in holding that the Guardian ad Litem had no standing to appeal his termination without affording him the hearings he requested that addressed his concerns regarding the best interest of the children?

4) Did the district court err in failing to reverse the trial court's decision when the district court determined that the trial court's Findings of Fact and Conclusions of Law were completely inadequate to support the orders on appeal?

5) Did the district court err in holding that the Guardian ad Litem, appointed by the trial court to represent the children at all hearings, had no standing to appeal the errors made and orders entered at a hearing where the Guardian ad Litem was representing the children?

6) In light of the Guardian ad Litem's duty to represent the children at all hearings, absent Idaho law on a GAL's standing to appeal, and absent findings of facts and conclusions of law sufficient to support the trial court's orders, was the appeal by the Guardian ad Litem of the court's failure to address the best interest of the children and termination of the Guardian Ad Litem a frivolous appeal?

The only aspect of the district court's decision that affects any of Adler's rights is the award of attorney fees against him. That is the only issue he has standing to appeal. As to the other issues he seeks to raise, he is not an aggrieved party because as to those issues he is not injuriously affected by the judgment of the district court. *First State Bank of Eldorado v. Rowe*, 142 Idaho 608, 612, 130 P.3d 1146, 1150 (2006); I.A.R. 4.


**III.**

**Did the District Court Err in Awarding Father and Mother Attorney Fees on Appeal?**

The district court awarded attorney fees on appeal pursuant to Idaho Code section 12-121 to Father and to Mother on the ground that Adler brought the appeal unreasonably and without foundation. Adler raises several arguments as to why he contends his actions were not unreasonable or without foundation.

First, he states that "[t]he trial court's appointment of the GAL conferred on the GAL the standing to represent the children and guard their best interest at all hearings before the trial court. This was exactly what Ken was doing when he filed his appeal . . . ." The order did not purport to authorize Adler to file any pleadings or to appeal, and he was no longer the guardian ad litem when he filed his appeal. Any authority that he may have had to act while he was guardian ad litem had been terminated before he filed his appeal to the district court.

6

Second, he asserts that Father's motion asked for appointment of a guardian ad litem "pursuant to Idaho Code §§ 32-704(4), 15-5-207, and Rule 17(c)," the magistrate must have made the appointment pursuant to one of those statutes. The order does not cite any statute or rule authorizing the appointment. The magistrate judge explained the basis for the appointment as follows: "Consistent with the local practice that has developed in Bonner County, this court appointed a Guardian ad Litem in this child custody case pursuant to the request, consent, and stipulation of both parents. This was the exclusive authority on which this Court relied for the appointment." Adler does not contend that either Idaho Code section 32-704(4) or section 15-5-207 could by any stretch of the imagination be construed as authorizing the appointment. However, he does contend that he had standing to appeal pursuant to Rule 17(c) of the Idaho Rules of Civil Procedure.[2] That rule only applies to the appointment of guardians ad litem for infants or incompetent persons who are parties to the litigation. It had no application here.

Third, Adler cites *In the Interest of Brandon S.S.*, 507 N.W.2d 94 (Wis. 1993), and *Grunewald v. Technibilt Corp.*, 931 S.W.2d 593 (Tex. App. 1996), as authority for "the broad spam [sic] of the GAL's reach in discharging his or her responsibilities to guard the best interest of the children." Neither of the cases could reasonably be read as supporting Adler's actions in this case. In the Wisconsin case, the guardian ad litem was appointed pursuant to a statute which expressly stated that "[t]he guardian ad litem may appeal." W.S.A. 767.045(5) (1992). Adler was not appointed pursuant to any statute, much less a similar one, and he was not the children's guardian ad litem when he filed his appeal. In the Texas case, the guardian ad litem was appointed to represent a child who was a party to the litigation pursuant to a rule of civil procedure that required the trial court to "appoint a guardian ad litem for a party represented by a next friend . . . if: (1) the next friend . . . appears to the court to have an interest adverse to the party." Tex. R. Civ. P. 173.2(a). In that case, "[t]he parents sought damages individually and as

---

[2] That rule provides:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative the person may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

next friends of their minor daughter" and the guardian ad litem was appointed for the daughter "based on the adverse interests existing between the child and her parents, who sought damages for their individual claims." *Grunewald,* 931 S.W.2d at 594. Adler was not appointed as a guardian ad litem to represent any party to this litigation, and he understood that he was not guardian ad litem for any party because he filed a motion seeking to make the children parties. That motion was not granted,[3] and, as stated above, Adler was terminated as guardian ad litem before he filed his appeal.

Adler contends that his appeal to the district court was not unreasonable or without foundation because he won the "first round" of the appeal. For some reason, the district court remanded the case to the magistrate judge to make additional findings before the court addressed Adler's lack of standing to appeal. That action by the district court did not make Adler's appeal any less unreasonable or without foundation.

Adler argues that Father and Mother failed to make proper requests for attorney fees on appeal to the district court. He asserts, "Respondent Father did not even mention attorney fees in his brief on appeal. . . . Respondent Mother failed to properly support her requests or claims for attorneys fees on appeal by asserting it as an issue on appeal."

After Father filed his brief, he filed an amendment to his brief in which he requested an award of attorney fees on appeal. Adler did not seek to strike that amendment, and in his reply brief he responded to Father's request for attorney fees. The appeal to the district court was governed by Rule 83 of the Idaho Rules of Civil Procedure. Rule 83(x) states, "Any appellate procedure not specified or covered by these rules shall be in accordance with the appropriate rule of the I.R.C.P. or the I.A.R. to the extent the same is not contrary to this Rule 83." Adler quotes from Idaho Appellate Rule 41(a), however, he omits the latter portion of the rule which is italicized below:

> Any party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the first appellate brief filed by such party as provided by Rules 35(a)(5) and 35(b)(5); *provided, however, the Supreme Court may permit a later claim for attorney fees under such conditions as it deems appropriate.*

---

[3] Adler did not cite any authority that would support his motion to have the children joined as parties in this action, and we are likewise unaware of any.

8

Applying that rule, the district court had discretion to permit a later claim for attorney fees. Adler has not argued on appeal that the district court abused its discretion in doing so.

Mother did not include her request for attorney fees in her list of issues on appeal, but she did include the request in a separate section of her brief entitled, "Request for Attorney Fees," in which she argued "that this appeal was brought and pursued frivolously, unreasonably and without foundation." Rule 83(v) provides that briefs on appeal to the district court "shall be in the form and arrangement . . . provided by rules for appeals to the Supreme Court unless otherwise ordered by the district court." Idaho Appellate Rule 35(b)(5) states, "If the respondent is claiming attorney fees on appeal the respondent must so indicate in the division of additional issues on appeal that respondent is claiming attorney fees and state the basis for the claim." We need not address the consequences, if any, of Mother's failure to list her request for attorney fees as an additional issue on appeal because Adler did not raise that issue in the district court. "This Court will not consider issues raised for the first time on appeal." *Houston v. Whittier*, 147 Idaho 900, 911, 216 P.3d 1272, 1283 (2009).

Finally, Adler argues that while discharging his duties as guardian ad litem, he had quasi-immunity that protected him from an award of attorney fees. In making that argument, he relies upon *McKay v. Owens*, 130 Idaho 148, 937 P.2d 1222 (1997). In *McKay*, an attorney was appointed pursuant to Idaho Code section 5-306 as a child's guardian ad litem in order to make recommendations to the court regarding the proposed settlement of the child's personal injury action. We held that a guardian ad litem appointed pursuant to Idaho Code section 5-306 to represent a child who was a party in a personal injury action had absolute quasi-immunity because the guardian must be free to make recommendations to the court that the guardian believes are in the child's best interests. *Id.* at 157, 937 P.2d at 1231. That case does not support quasi-immunity here because Adler was not guardian ad litem for the children at the time he filed his appeal.

During his comments to the magistrate judge, Adler stated that he filed his motion seeking to have the children joined as parties with him representing them because he became aware of the settlement and it appeared to him that "there was now an eleventh hour attempt by the parties to avoid litigating the issues that are corrosive to the actual co-parenting." When the court asked, "So what issues are corrosive?" Adler's response was that he "has not been consulted on this stipulation, including in any negotiations for this stipulation, ever seen this

9

stipulation." The court then stated to Adler: "Okay, I know that you feel personally slighted but let's talk about the kids. What—what part of this agreement is not in their best interests?" Adler answered that he had not seen the agreement. He was provided with a copy, and its terms were discussed. The court then asked Adler, "Is there anything wrong, in your opinion, with the schedule to which they agreed?" and Adler answered, "No." Later in their dialogue, the court again asked Adler: "Okay. Let's get back to the best interests of the children then. So the—the—the structure of the schedule itself, you're okay with?" to which Adler answered, "Yes."

The discussion between Adler and the Court continued, and Adler correctly stated, "I serve at the pleasure of the court." When the court did not do what Adler wanted, he decided that he served at his own pleasure and filed the appeal. The sole purpose of the appeal was to assuage his hurt pride. He has provided absolutely no argument or authority that would even remotely support his assertion that he has standing to appeal. All he has done is increase the cost to the parties. The district court did not abuse its discretion in awarding Father and Mother attorney fees on appeal pursuant to Idaho Code section 12-121 on the ground that Adler brought this appeal unreasonably and without foundation.


**IV.**

**Are Respondents Entitled to Attorney Fees on Appeal?**

Father and Mother have each requested that they be awarded attorney fees on appeal to this Court pursuant to Idaho Code section 12-121. "Attorney fees under § 12-121 will be awarded to the prevailing party on appeal when this Court is left with the abiding belief that the appeal was brought, pursued, or defended frivolously, unreasonably or without foundation." *Rudd v. Merritt*, 138 Idaho 526, 533, 66 P.3d 230, 237 (2003). Adler did not have standing to appeal most of the issues he sought to raise. That portion of his appeal was brought frivolously, unreasonably, and without foundation. *Kiebert v. Goss*, 144 Idaho 225, 229, 159 P.3d 862, 866 (2007). As to the award of attorney fees by the district court, Adler has not presented any cogent argument showing that the district court abused its discretion in making that award. We therefore award Father and Mother attorney fees on appeal pursuant to Idaho Code section 12-121.

10

## IV.

### Conclusion.

We affirm the judgment of the district court, and we award respondents costs on appeal, including attorney fees.


Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**