108 P.3d 347

**Kristin Dodge QUILLIN, Plaintiff–Respondent–Cross Appellant,**

v.

**Charles F. QUILLIN, Defendant–Appellant–Cross Respondent.**

No. 27846.

Supreme Court of Idaho,
Boise, February 2005 Term.

Feb. 18, 2005.

Featherston Law Firm, Sandpoint, and Daniel J. Rude, Coeur d'Alene, for appellant. Brent C. Featherston argued.

Liesche, Regan & Wallace and Ramsden & Lyons, Coeur d'Alene, for respondent. Terrance R. Harris argued.

EISMANN, Justice.

This is an appeal from the property division portion of a divorce decree. The magistrate judge awarded the Respondent a money judgment to equalize the division of property and debts, and the Appellant involuntarily paid the majority of that judgment in order to avoid execution upon the primary asset awarded to him. While the appeal was pending, however, the Appellant voluntarily paid the balance owing in full satisfaction of the judgment, and the Respondent accepted such payment. We therefore hold that the appeal is moot and dismiss it.

## I. FACTS AND PROCEDURAL HISTORY

The parties were divorced following a court trial that focused upon their property and debts. The primary issue was the valuation of a closely held corporation named Three Mile Corner, Inc., which the magistrate initially valued at $1,232,522. When dividing the community property, the magistrate judge awarded the stock in the corporation to Charles F. Quillin (Charles). In order to equalize the division of community property and debts, the magistrate judge awarded Kristin Dodge Quillin (Kristin) a judgment against Charles in the sum of $637,744.00. The magistrate ordered that the effective date of the judgment was April 19, 2000.

Kristin obtained a writ of execution to enforce her judgment and recovered the sum of $4,105.44 from a bank account. Charles then timely appealed and filed a motion asking the district judge to stay execution of the judgment during the pendency of the appeal. On September 25, 2000, the district judge declined to hear the motion to stay execution until it was first presented to the magistrate judge.

While the motion to stay execution was pending before the district judge, Kristin obtained a second writ of execution seeking to execute upon the stock in Three Mile Corner, Inc., that had been awarded to Charles. He then filed a motion to stay execution in the magistrate division of the district court. On October 20, 2000, the parties entered into a stipulation to resolve the stay of execution pending appeal. Under that agreement, which was incorporated into a court order entered the same day, Charles delivered to Kristin property and cash totaling $483,954.19. With the money she obtained under the first writ of execution, the judgment was partially satisfied in the sum of $488,059.63. Charles was granted a temporary stay of execution on the balance of the judgment until October 27, 2000. On November 6, 2000, Charles filed a supersedeas bond in the sum of $250,000 in order to stay any further execution upon Kristin's money judgment.

The issues on appeal focused upon the valuation of the stock in Three Mile Corner, Inc., and the magistrate judge's finding that Charles had failed to prove a separate property interest in that stock. The district judge issued its decision on appeal, and then heard argument on a motion to reconsider that decision. On February 27, 2002, the district judge issued his final opinion on appeal. He vacated the magistrate judge's valuation of the corporate stock and reversed the finding that Charles had failed to prove a separate property interest in that corporate stock. The district court held that Charles had proven a $122,422.51 separate property interest in the stock. On April 11, 2002, Kristin filed a notice of cross-appeal from that portion of the district judge's opinion establishing Charles's separate property interest in the corporate stock.

The parties asked this Court to suspend the appeal from the district judge's opinion and to remand this case for further proceed-

ings before the magistrate judge. We granted that request on August 13, 2002.

The magistrate judge issued an order on November 29, 2002, finding $1,450,718 as the value of the stock in Three Mile Corner, Inc. Based upon that revaluation and Charles's separate property interest as determined by the district court, on January 22, 2003, the magistrate entered a new judgment in favor of Kristin and against Charles in the sum of $539,392.00.. The magistrate ordered that the judgment's effective date be April 19, 2000. On March 4, 2003, Charles filed an amended notice of appeal from that judgment.

On August 13, 2003, Charles, through his counsel, sent Kristin a check in the sum of $101,925.78 representing the balance owing on her judgment. On the check was the notation, "full satisfaction of judgment." She accepted and negotiated the check. On October 6, 2003, she filed a satisfaction of judgment with the district court, and on October 9, 2003, she recorded the satisfaction of judgment in the office of the county recorder.

## II. ANALYSIS

 Kristin argues that Charles's payment of the balance owing on the judgment and her acceptance of that payment constitutes an accord and satisfaction and renders the appeal moot. When a judgment debtor voluntarily pays the judgment, the debtor's appeal becomes moot, and it will be dismissed. *Bob Rice Ford, Inc. v. Donnelly,* 98 Idaho 313, 563 P.2d 37 (1977). A judgment debtor who wants to preserve the right to appeal can pay the amount due under the judgment to the clerk of the court pursuant to Idaho Code § 10–1115 with instructions to pay the money to the person who is determined to be entitled to it by the order of the court. *Radioear Corp. v. Crouse,* 97 Idaho 501, 547 P.2d 546 (1975). Upon receipt of the money, the clerk of the court issues a satisfaction of judgment, a certified copy of which can then be recorded to release any judgment lien. Obviously, such procedure also prevents further action by the judgment creditor to enforce the judgment.

 The issues of child custody and support were resolved, and all of the property had been distributed according to the terms of the divorce decree. The crux of Charles's appeal is the amount of the money judgment that the magistrate judge awarded to Kristin in order to equalize the division of community property and debts. He seeks to reduce that judgment by contending that the magistrate overvalued property awarded to him, undervalued property awarded to Kristin, and failed to account for money she received prior to the divorce.

Charles contends that the appeal is not moot because he did not voluntarily pay the entire money judgment. He only paid the last $101,925.78 voluntarily. That distinction is not significant. His voluntary payment of the balance owing on the judgment renders his appeal moot. Kristin agrees that her acceptance of the payment in full satisfaction of the judgment constitutes an accord and satisfaction rendering her cross-appeal moot. We therefore dismiss the appeal and cross-appeal.

## III. CONCLUSION

The appeal and cross-appeal are dismissed. No costs awarded on appeal.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.