## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 47286

| | |
|---|---|
| JONATHON FRANTZ, | ) |
| | ) |
|    Aggrieved Party-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| GAILORD "COWBOY" MATHIS, BROOK TRACY, TRAVIS MATHIS, REBECCA STAFFORD, and LAURA DEVERE ROLL, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID A. OSBORN and NAOMI OSBORN, husband and wife; | ) |
| | ) |
|    Defendants-Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL A. WALKINSHAW, trustee of the ROSS AND VICKI WALKINSHAW FAMILY TRUST, dated March 3, 1994; and COLE EDWARD ANDERSON, formerly known as CALVIN EDWARD MATHIS, | ) |
| | ) |
|    Defendants. | ) |

Boise, June 2020 Term

Opinion filed: July 21, 2020

Melanie Gagnepain, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Cynthia K.C. Meyer, District Judge.

The appeal is <u>dismissed</u>.

Jonathon Frantz, *pro se* Appellant, Post Falls. Jonathon Frantz argued.

Smith & Malek, PLLC, Coeur d'Alene, for Respondents. Tara Malek argued.

_____

MOELLER, Justice

Jonathon Frantz appeals from the district court's award of attorney fees entered against him and his clients, jointly and severally, as a sanction for frivolous conduct. On appeal, Frantz

1

contends that the district court abused its discretion in awarding attorney fees against him personally because it (1) failed to follow the procedural requirements set out in Idaho Code section 12-123 and (2) erroneously found that he engaged in frivolous conduct. Based on the reasons set forth below, we conclude that this matter does not present a justiciable controversy because the judgment has been satisfied and Frantz did not preserve his right to appeal pursuant to Idaho Code section 10-1115. Accordingly, we dismiss Frantz's appeal because the issues before us are moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of an easement dispute among family members. The land consists of several parcels of wooded, hilly acreage located in the Coeur d'Alene area. In the late 1960s, Calvin Mathis purchased the original parcel of land. Over the years, he split up the parcel into several smaller parcels. For purposes of this appeal, those parcels have been named the Tracy Parcel, the Mathis/Roll Parcel, and the Osborn Parcel. According to the second amended complaint and Frantz's briefing on appeal, Plaintiffs[1] Brook Tracy and Travis Mathis own the Tracy Parcel, Plaintiffs Gailord "Cowboy" Mathis, Brook Tracy, Laura Roll, and Rebecca Stafford own the Mathis/Roll Parcel, and David and Naomi Osborn own the Osborn Parcel.

On October 15, 2018, Plaintiffs filed a complaint against the Osborns. Jonathon Frantz, the appellant in this appeal, was Plaintiffs' attorney. Plaintiffs claimed that more than thirty years ago they "constructed/placed a home" on the Tracy Parcel, "constructed/placed a cabin" on the Mathis/Roll Parcel, and "created a driveway" through the Osborn Parcel to access their respective properties. Plaintiffs also claimed that for more than thirty years they had openly and continuously used the driveway over the Osborn Parcel for access to the nearest public right-of-way, Highland Drive, which was the only reasonable way to reach their respective properties. Based on this use, Plaintiffs claimed that they had an easement by necessity, an easement by implication, or a prescriptive easement across the Osborn Parcel along the existing driveway. Accordingly, Plaintiffs sought a judgment from the district court declaring their rights in the driveway.

On November 16, 2018, Plaintiffs filed a "Verified Ex Parte Motion for a Temporary Restraining Order or Preliminary Injunction" (TRO motion), which was verified by Brook Tracy

---

[1] The original plaintiffs are not parties to this appeal. For ease of reference and to avoid confusion with their attorney, Jonathon Franz, the appellant in this matter, they will retain their original title of "Plaintiffs."

and signed by Frantz as her attorney. The district court denied the TRO motion on procedural grounds because it did not comply with the requirements found in Idaho Rule of Civil Procedure 65(b). Thereafter, Frantz filed a motion for a preliminary injunction, using the verified TRO motion as evidentiary support. The motion asserted that around August 2017, the Osborns placed a gate, road blocks, and trenches at the entrance of the driveway on their property, thereby preventing Brook Tracy and her family from accessing their home by vehicle. Based on these allegations, she requested that the district court order the Osborns to provide her and her family "unobstructed access through the existing driveway on [the Osborns'] property."

On January 16, 2019, at the conclusion of the hearing on the motion, the district court pronounced its decision from the bench. The court explained that it was denying the preliminary injunction for two reasons: first, the court found that "the allegations in the complaint and the motion contain[ed] gross exaggerations, if not falsehoods" and "the credibility of all of the plaintiffs" was questionable. Second, the court found that Plaintiffs could not establish entitlement to the relief demanded because they came to the hearing unprepared to support the easement theories they advanced with any competent evidence.

On March 27, 2019, the Osborns filed a motion for attorney fees. The Osborns requested attorney fees in the amount of $7,521.00 pursuant to Idaho Code sections 12-121[2] and 12-123. The Osborns argued that they were entitled to attorney fees because "Plaintiffs pursued the preliminary injunction frivolously, unreasonably, and without foundation." According to the Osborns, Plaintiffs "made different and sometimes conflicting assertions" between the filing of their motion for a preliminary injunction and their complaint. The Osborns also argued that Plaintiffs failed to satisfy the preliminary injunction standard, failed to establish a likelihood that their claims would succeed on the merits, and failed to make a reasonable investigation into the claims prior to filing the action and the request for a preliminary injunction.

During the hearing on the motion for attorney fees, the Osborns explained that "[a]s a professional courtesy, we didn't bring this as a motion for Rule 11 sanctions, but perhaps, if the [c]ourt determines that this motion was pursued frivolously . . . then the [c]ourt should, and we respectfully ask the [c]ourt to consider exercising its authority under Idaho Rule of Civil procedure 11(c)(3)." Frantz objected, arguing that "there's a lot of procedures there that I don't

---

[2] The Osborns later withdrew their request under section 12-121.

think ought to be considered at this time." The district court noted Frantz's objection and took the motion under advisement.

On June 3, 2019, the district court entered its memorandum decision and order on the Osborns' motion for attorney fees. The district court awarded attorney fees in favor of the Osborns for two reasons: first, because the Plaintiffs' "misrepresentations," "exaggerations," and "inconsistencies," amounted to falsehoods. Second, because Plaintiffs' claims were not supported by the facts. The district court concluded that both Plaintiffs and their attorney, Frantz, "engaged the court, the [Osborns], and [the Osborns'] counsel in a complete and utter waste of time." Accordingly, the court awarded "attorney's fees in favor of [the Osborns] and against Plaintiffs and Jonathon Frantz, jointly and severally, in the amount requested by [the Osborns]." The district court subsequently entered the judgment awarding attorney fees against Plaintiffs and Frantz, certifying it as final and appealable as against Frantz only per the Osborns' request.

On August 19, 2019, Frantz appealed the judgment awarding attorney fees against him personally. While this appeal was pending, Plaintiffs and the Osborns executed a settlement agreement whereby the Osborns "agreed to accept $70,000.00 for sale of their lot in exchange for a full dismissal of the action." Accordingly, on February 4, 2020, the Osborns filed a release of lien and satisfaction of judgment with the clerk of the court, which states that the Osborns, the judgment creditor in the case, "acknowledge satisfaction of the Judgment Awarding Attorney Fees against Plaintiffs and Jonathon Frantz, Jointly and Severally, entered June 5, 2019." The Osborns subsequently augmented the appellate record with the release.

## II.    STANDARD OF REVIEW

"[J]usticiability doctrines implicate jurisdiction." *Tucker v. State*, 162 Idaho 11, 18, 394 P.3d 54, 61 (2017). "Jurisdictional issues, like standing, are questions of law, over which this Court exercises free review." *In re Jerome Cty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012).

Frantz argues that the district court abused its discretion by awarding Osborns attorney fees against him personally, pursuant to Idaho Code section 12-123. If Frantz can establish that this matter presents a justiciable controversy, we apply "an abuse of discretion standard when reviewing a district court's award of attorney fees, and the party appealing an award of statutory attorney fees bears the burden of demonstrating a clear abuse of that discretion." *Berkshire Invest., LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012). To determine whether a trial

court abused its discretion, this Court applies a four-prong test: whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 867, 421 P.3d 187, 198 (2018).

## III. ANALYSIS

### A. This appeal is moot because the judgment that is being appealed from has been satisfied and Frantz did not comply with Idaho Code section 10-1115 in order to preserve his right to appeal.

The Osborns contend that this appeal no longer presents a justiciable controversy because the judgment that is the subject of this appeal has been fully satisfied. They have filed a release of lien and satisfaction of judgment with the clerk of the court, acknowledging that the judgment awarding attorney fees against Plaintiffs and Frantz, jointly and severally, has been satisfied. Thus, the Osborns ask the Court to dismiss the appeal as moot. Frantz, on the other hand, contends that his appeal is not moot because *he* never satisfied the judgment. According to Frantz, Plaintiffs—who were still represented by Frantz—entered into the settlement agreement with the Osborns, to which he was not a party, and the Osborns accepted that he would continue to prosecute his appeal irrespective of the settlement agreement. Frantz also argues that this appeal is not moot because he has an interest in the outcome, namely (1) his malpractice insurance premiums will go up if the judgment remains in place, and (2) Plaintiffs will have a claim against him for reimbursement of his share of the judgment. Notwithstanding Frantz's concerns, we hold that this appeal is moot because the judgment awarding attorney fees against Frantz has been satisfied and Frantz did not preserve his right to appeal by depositing the amount of the judgment with the clerk.

Generally, "[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Farrell v. Whiteman*, 146 Idaho 604, 610, 200 P.3d 1153, 1159 (2009). "An issue is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Id*. "Mootness also applies when a favorable judicial decision would not result in any relief. *Fenn v. Noah*, 142 Idaho 775, 779, 133 P.3d 1240, 1244 (2006) "When a judgment debtor voluntarily pays the judgment, the debtor's appeal becomes moot, and it will be dismissed." *Quillin v. Quillin*, 141 Idaho 200, 202, 108 P.3d 347, 349 (2005). "A judgment debtor who wants to preserve the right

to appeal, can pay the amount due under the judgment to the clerk of the court pursuant to Idaho Code § 10-1115 . . . ." *Id.*

This appeal is moot because the judgment awarding attorney fees was fully satisfied with the execution of a settlement agreement, which Frantz helped negotiate, and the subsequent filing of the release of lien and satisfaction of judgment. A few months after Frantz filed his notice of appeal, but before the settlement was finalized, the Osborns' attorney informed Frantz that the Osborns "agreed to accept $70,000.00 for sale of their lot in exchange for a full dismissal of the action." Accordingly, the Osborns' attorney prepared a settlement agreement and sent it to Frantz for his input. The parties' attorneys went back and forth negotiating the terms of the settlement agreement. In one round of edits, Frantz proposed that the sentence, "Plaintiffs' appeal of the Order will be dismissed upon execution of this Agreement, and Plaintiffs [sic] will not enforce the collection of the relief granted in the Order," be stricken and that the following sentence be inserted:

> Within 5 days of execution hereof, Defendants and Jonathon Frantz shall also execute a Stipulated Entry of Facts and Opinion which shall be filed by Jonathon Frantz in the appeal of the Memorandum Decision and Order on Osborn Defendants' Motion for Attorneys' Fees. Defendants shall execute further documents as may be necessary to reverse and dismiss any Judgment which has been entered herein and/or recorded with any recorder's officer (a satisfaction of judgment is not sufficient).[3]

The Osborns' attorney refused to include Frantz's proposed language and instead added a provision that called for a release of lien and satisfaction of judgment, which "will cover [the] issues on the sanctions." Frantz stated that the added language was "fine . . . so long as you know that I may continue to prosecute my appeal." A few days later, Plaintiffs and the Osborns executed the settlement agreement. Subsequently, the Osborns filed a satisfaction of judgment and a release of lien as required by the terms of the settlement agreement. Accordingly, we conclude that the judgment was fully satisfied and the lien was released, thereby rendering this appeal moot.

---

[3] In *Kosmann v. Dinius*, 165 Idaho 375, 384, 446 P.3d 433, 442 (2019), we warned of the potential ethical pitfalls that an attorney faces when he attempts to address his own personal interests during settlement negotiations. *See also* I.R.P.C. 1.7(a)(2).

We note that there were steps Frantz could have taken to preserve his appeal and avoid this outcome. Idaho Code section 10-1115 provides a mechanism for an appealing party to preserve their right to assert such a claim:

> As a further procedure for the satisfaction of a judgment, and in addition to the satisfaction of a judgment as provided by law or rule of court, *any person, against whom exists a judgment* for the payment of money or who is interested in any property upon which any such judgment is a lien, *may pay the amount due on such judgment to the clerk* of the court in which such judgment was rendered, and such clerk shall thereupon release and satisfy such judgment upon the records of said court and the county in which such judgment was rendered. . . . *Said county treasurer shall at any time pay said money over to the person who shall be determined to be entitled thereto by the order of the court in which such judgment was rendered.*

(Emphasis added). Although Frantz claims that *he* did not *voluntarily* satisfy the judgment because it was Plaintiffs—not him—who settled the lawsuit, this provision would have permitted Frantz to deposit the amount due under the judgment to the clerk of the court with instructions to pay the person entitled to the funds upon order of the court. As we noted in *Quillin*, "[a] judgment debtor who wants to preserve the right to appeal, can pay the amount due under the judgment to the clerk of the court pursuant to Idaho Code § 10-1115 with instructions to pay the money to the person who is determined to be entitled to it by the order of the court." 141 Idaho at 202, 108 P.3d at 349.

Inasmuch as Frantz failed to follow this procedure, his appeal was rendered moot once the Osborns filed the release of lien and satisfaction of judgment with the clerk of the court. Thus, we need not consider Frantz's arguments that he has a legally cognizable interest in the outcome of the appeal because (1) he will be forced to pay higher malpractice insurance premiums if the judgment remains in place, and (2) Plaintiffs will have a potential claim against him for reimbursement of his share of the judgment. Similarly, our conclusion as to mootness obviates the need to consider the underlying issues raised in Frantz's appeal, that the district court (1) failed to follow the procedural requirements set out in Idaho Code section 12-123 when it awarded attorney fees against him personally and (2) erroneously found that he engaged in frivolous conduct.

In sum, we hold that this appeal fails to present a justiciable controversy for this Court to resolve because the judgment awarding attorney fees was satisfied by the execution of the settlement agreement and the filing of the release of lien and satisfaction of judgment.

Accordingly, we dismiss Frantz's appeal without addressing the merits because this matter is moot.

**B. Frantz is not entitled to attorney fees on appeal.**

Frantz requests attorney fees on appeal pursuant to Idaho Code section 12-121. There are two reasons why we must deny Frantz's request. First, Frantz is not the prevailing party, and therefore, is not entitled to an award of fees. *See* I.C. § 12-121 (awarding attorney fees "to the prevailing party or parties."). Second, Frantz represented himself in this appeal and is barred from recovering fees on his own behalf. *See Chavez v. Canyon Cnty., State, ex rel., its Duly Elected Bd. of Cnty. Comm'rs*, 152 Idaho 297, 305, 271 P.3d 695, 703 (2012) ("An attorney acting as a pro se litigant is not entitled to an award of attorney fees on appeal."). Consequently, Frantz's request for attorney fees is denied.

## IV. CONCLUSION

We dismiss this appeal as moot and deny Frantz's request for attorney fees on appeal. Costs are awarded to Osborns.

Chief Justice BURDICK, and Justices BRODY, BEVAN and STEGNER **CONCUR.**