# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49795-2022

| | | |
|---|---|---|
| ALLAN EDMONDSON, | ) | |
| | ) | |
| Petitioner-Respondent, | ) | Boise, May 2023 Term |
| | ) | |
| v. | ) | Opinion filed: August 4, 2023 |
| | ) | |
| TIFFANI FINCO, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Gerald F. Schroeder, District Judge. Laurie A. Fortier, Magistrate Judge.

The appeal is <u>dismissed,</u> without prejudice.

Ludwig, Shoufler, Miller, Johnson, LLP, Boise, for Respondent-Appellant.

Shep Law Group, Meridian, for Petitioner-Respondent.

---

ZAHN, Justice.

Tiffani Finco appeals from the district court's decision, acting in its appellate capacity, remanding a petition to modify child custody to the magistrate court for further proceedings. For the reasons discussed below, we dismiss the appeal because it is moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2017, Alan Edmondson ("Father") filed a paternity action to establish legal and physical custody rights of the child he had with Tiffani Finco ("Mother"). Mother filed a response and counterclaim for primary physical custody and child support. Thereafter, pursuant to a stipulation of the parties, the magistrate court entered a judgment that granted primary physical custody to Mother and a graduated parenting time schedule for Father. The judgment included a provision ("the age four provision"), which states:

> When the parties' minor child reaches the age of four (4) years old, the parties may revisit the parenting schedule to ensure it is in M.E.'s best interest. If one of the

1

parties desires a modification, and they cannot agree, they shall return to a mediator before filing a Modification proceeding.

The judgment also provided how and when a modification of the judgment may be sought:

The parties agree to review this plan on an as-needed basis. If either parent desires to make changes to this agreement, they shall first attempt to negotiate a mutually agreeable change between themselves. In the event that this is not successful, the parties agree to enter mediation to attempt to reach an agreement prior to filing for a modification in court. The parties agree to equally share the cost for mediation.

After the child turned four, Father filed a petition to modify child custody and child support alleging several permanent, material, and substantial changes of circumstances justifying a modification of custody, including that: (1) the minor child had reached four years of age, allowing the parties to revisit the custody schedule under the original judgment; (2) the parties had not followed the original custody schedule; (3) Mother had alienated the child from his father; (4) the parties' incomes had changed; and (5) the parties' living arrangements had changed. Mother responded and filed a counter-petition, asserting that no "permanent, material and substantial changes of circumstances justifying a modification of custody" existed and requested that Father's parenting time be reduced.

The magistrate court held a bench trial on the parties' competing petitions to modify custody. After Father presented his case, Mother moved for involuntary dismissal of Father's petition on the basis that Father had failed to prove a substantial and material change of circumstances. After a short recess, the magistrate court concluded that Father failed to establish a substantial and material change in circumstances to warrant modification and granted the motion for involuntary dismissal. Mother subsequently withdrew her counter-petition. The magistrate court entered a judgment dismissing Father's petition. Five days later, the magistrate court entered a judgment awarding Mother costs in the amount of $148.96. However, the record does not contain a motion for attorney fees or costs.

Father appealed both judgments to the district court, arguing that the magistrate court had erred in failing to properly interpret the age four provision because the parties had stipulated that the age four provision constituted a substantial and material change in circumstances justifying a modification of child custody and support. Mother cross-appealed the magistrate court's judgment regarding attorney fees and costs and argued that she was entitled to an award of attorney fees under Idaho Code section 12-121.

2

The parties submitted appellate briefing to the district court and waived oral argument. After considering the appeals, the district court issued an order for augmentation of the record, or in the alternative, for the matter to be remanded. The district court explained that Father had alleged that he attempted to mediate with Mother prior to filing for modification; however, Mother denied this and the record was silent on whether there had been an attempt to mediate prior to Father filing his petition for modification. The district court concluded that the question of whether the parties had attempted to mediate was significant because Father could not rely on the age four provision if the parties had not attempted to mediate before Father filed his petition. The district court's order provided that, if the parties could agree on the facts surrounding mediation, an augmented record could be filed with the district court. However, if Father and Mother could not agree on the facts concerning mediation, the case would be "remanded to the magistrate court to determine the facts concerning whether there had been a good faith effort to mediate in compliance with I.R.F.L.P. 602."

Mother timely appealed the district court's decision to remand the case back to the magistrate court. While that appeal was pending before this Court, the magistrate court made a finding that, based on the stipulation of the parties, "the parties did not 'return to a mediator prior to filing a Modification proceeding' as required by the Judgment of Filiation, Custody[,] and Child Support."

## II.     STANDARD OF REVIEW

"This Court affirms the district court's decision as a matter of procedure if 'those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision.'" *O'Holleran v. O'Holleran*, 171 Idaho 671, 673, 525 P.3d 709, 711 (2023) (alteration omitted) (quoting *Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013)). "Importantly, 'this Court does not review the decision of the magistrate court[,] ... [r]ather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Matter of Est. of Hirning*, 167 Idaho 669, 675, 475 P.3d 1191, 1197 (2020) (alterations in original) (quoting *Pelayo*, 154 Idaho at 858–59, 303 P.3d at 217–18).

## III.     ANALYSIS

### A. We dismiss the appeal because it is moot.

Both parties agree that the district court erred in remanding the case back to the magistrate court and ask this Court to vacate the district court's order and remand the case to the district court

with instructions to decide the cross-appeals on their merits. The parties also repeat the arguments they made to the district court concerning whether the magistrate court erred in dismissing Father's petition for modification. Finally, Mother argues that this appeal is moot because the magistrate court has now issued an order finding that the parties did not mediate prior to Father filing the modification proceeding.

We will address Mother's mootness argument at the outset because "[i]t is well-established that this Court does not decide moot cases." *Comm. for Rational Predator Mgmt. v. Dep't of Agric.*, 129 Idaho 670, 672, 931 P.2d 1188, 1190 (1997) (citations omitted). "This Court may dismiss an appeal when it appears that the case involves only a moot question." *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000) (citation omitted). "Generally, '[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Frantz v. Osborn*, 167 Idaho 176, 180, 468 P.3d 306, 310 (2020) (alteration in original) (quoting *Farrell v. Whiteman*, 146 Idaho 604, 610, 200 P.3d 1153, 1159 (2009)).

"An issue is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Id.* (quoting *Farrell*, 146 Idaho at 610, 200 P.3d at 1159). There are three exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quoting *AmeriTel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851–52, 119 P.3d 624, 626–27 (2005)).

We conclude that this appeal is moot because the case has returned to the district court, which is the relief the parties seek here. The district court remanded the case to the magistrate court for it to determine whether the parties had attempted to mediate the issue of M.E.'s custody prior to Father filing his petition to modify. The magistrate court determined the parties had not attempted to mediate, thus fulfilling the district court's direction on remand. As a result, the case has now returned to the district court.

Although both parties argue the merits of the magistrate court's decision on appeal, Mother only appealed the district court's order remanding the case and requested that we vacate that order

4

and direct the district court to decide the issues raised by the parties' cross-appeals.[1] The district court has not yet decided the parties' cross-appeals. As a result, there is no decision on the merits for this Court to review. None of the exceptions to the mootness doctrine apply in this appeal. The district court's decision to remand the appeal to the magistrate court for further factual findings does not present the possibility of collateral legal consequences to the parties; nor is there conduct that is likely to evade judicial review (and, thus, is capable of repetition) nor is there an issue involving substantial public interest. *See Koch*, 145 Idaho at 163, 177 P.3d at 377.

The magistrate court's decision on remand has accomplished the result that Mother seeks on appeal. As a result, there is no longer a justiciable controversy in the case presented to this Court and there is no further relief this Court can grant to Mother. Therefore, we conclude that this appeal is moot and should be dismissed.

Father argues the issue is not moot because the magistrate court also should have decided whether the parties' failure to mediate was due to one party's refusal to mediate in good faith. However, the district court did not direct the magistrate court to make this finding and Father did not file a cross-appeal challenging the district court's failure to direct the magistrate court to do so. "Generally, a party must file a cross-appeal if it seeks to change or add to relief the district court provided; however, a cross-appeal is not required when the party asks us to sustain a judgment on grounds presented to, but not relied on by, the district court." *Beebe v. N. Idaho Day Surgery, LLC*, 171 Idaho 779, 792, 526 P.3d 650, 663 (2023). Because Father failed to file a cross-appeal on that issue, Father's contention is not properly before us and we decline to address it further.

## IV.    CONCLUSION

This appeal is dismissed, without prejudice.

Chief Justice BEVAN, and Justices BRODY, STEGNER, and MOELLER CONCUR.

---

[1] The district court's decision to remand the matter is an appealable order. *See* I.A.R. 11(a)(2) ("An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders . . . Decisions by the district court . . . remanding an appeal.").