# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 51009-2023

HOMES AND NEIGHBORHOODS, LLC, a Florida limited liability company; COPPER RIVER FUNDING, LLC, a Delaware limited liability company as its Administrative Agent,

    Plaintiffs-Counterdefendants-Respondents,

v.

MOUNTAIN AIR RESORT, LLC, an Idaho limited liability company; STEVEN H. LARSEN and LEANNE L. LARSEN, husband and wife,

    Defendants-Counterclaimants-Appellants,

and

COUNTY OF KOOTENAI, a political subdivision of the State of Idaho, by and through KOOTENAI COUNTY COMMUNITY DEVELOPMENT,

    Defendant-Counterclaimant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

September 2024 Term

Opinion filed: December 4, 2024

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Richard S. Christensen, District Judge.

The appeal is <u>dismissed</u>.

Bistline Law, PLLC, Coeur d'Alene, for Appellants Mountain Air Resort, LLC, Steven H. Larsen, and Leanne L. Larsen. Arthur M. Bistline appeared, submitted on the briefs.

Holmes Law Office, P.A., Coeur d'Alene, for Respondents Homes and Neighborhoods, LLC, and Copper River Funding, LLC. Edwin B. Holmes appeared, submitted on the briefs.

---

ZAHN, Justice.

This case concerns whether a party that no longer has an ownership interest in real property has standing to challenge a judgment ordering the sale of the real property and the subsequent sheriff's sale. For the reasons discussed below, we hold that they do not and therefore dismiss this appeal.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Steven H. Larsen and LeAnne L. Larsen ("the Larsens") operated a commercial tourism lodging business on a property ("the resort property") in Kootenai County, Idaho. The Larsens organized a limited liability company in 2011, Mountain Air Resort, LLC ("MAR"), to operate the business.

The resort property was deeded to MAR on August 23, 2016. On the same day, MAR executed a promissory note in which MAR promised to repay Homes and Neighborhoods, LLC, and Copper River Funding, LLC (collectively referred to as "Copper"), $1.1 million before September 5, 2018. The promissory note was secured by a deed of trust encumbering the resort property. The promissory note was also personally guaranteed by the Larsens.

MAR defaulted on the terms of the note, and on September 23, 2019, Copper filed suit against the Larsens and MAR, asserting several causes of action including judicial foreclosure of the deed of trust for the resort property.

On November 11, 2019, MAR conveyed the resort property, via quitclaim deed, to the Larsens. On January 23, 2020, Steven Larsen dissolved MAR. The Statement of Dissolution indicates that MAR was dissolved because "[o]wner injured, ceasing business, quitting."

On February 22, 2021, Copper and the Larsens entered into a mediated settlement agreement in which the Larsens and MAR agreed to pay Copper $1.75 million by June 1, 2021. As part of the mediated settlement agreement, the Larsens and MAR also agreed that, if the Larsens and MAR failed to pay the $1.75 million by June 1, a stipulated judgment would be entered in favor of Copper.

On June 2, 2021, the parties filed a stipulation for the entry of a final judgment because the Larsens and MAR had failed to meet the June 1 payment deadline contained in the mediated settlement agreement. On June 9, 2021, the district court entered a final judgment in Copper's favor for $1.75 million against the Larsens and MAR, awarded Copper a first priority security interest in the resort property, and ordered a sheriff's sale of the resort property.

Following the entry of final judgment, Copper filed a series of motions attempting to obtain a writ of execution to sell the property. The Larsens also made several attempts to appeal the final judgment and several interlocutory orders. None of these are relevant to our analysis below. What is relevant is the fact that in the midst of this legal wrangling, on September 9, 2022, the Larsens executed a quitclaim deed transferring their interest in the resort property to SLC Contracting, LLC.

The resort property was later purchased by Copper at a sheriff's sale on December 21, 2022. The certificate of sale was recorded on December 27, 2022. No redemption was filed within the six-month redemption period. Copper recorded a sheriff's deed for the resort property that conveyed all current and future right, title, and interest in the resort property from the Larsens, MAR, and their successor and assigns, to Copper.

On June 8, 2023, the Larsens and MAR filed a motion to set aside the sheriff's sale, arguing that the sheriff's sale was invalid. Following oral argument, the district court denied the Larsens and MAR's motion to set aside the sheriff's sale.

The Larsens and MAR timely appealed. The parties stipulated to submit their arguments on the briefs, waiving oral argument.

## II. ISSUES ON APPEAL

1. Whether the Larsens and MAR have standing to bring this appeal.
2. Whether Copper is entitled to attorney fees on appeal.

## III. ANALYSIS

### A. Because MAR and the Larsens conveyed all their interest in the resort property to SLC Contracting, neither has standing to bring this appeal.

On appeal, the Larsens and MAR argue that the district court erred in denying their motion to set aside the sheriff's sale of the resort property. Copper responds that the Larsens and MAR lack standing to bring this appeal because neither has any right, title, or interest in the resort property. The Larsens and MAR have not responded to this argument.

"Jurisdictional issues, like standing, are questions of law, over which this Court exercises free review." *Berglund v. Dix*, 170 Idaho 378, 384, 511 P.3d 260, 266 (2022) (quoting *Frantz v. Osborn*, 167 Idaho 176, 179, 468 P.3d 306, 309 (2020)). "[B]ecause the issues of standing and mootness are jurisdictional, they can be raised at any time, including for the first time on appeal." *Id*. (alteration in original) (quoting *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012)). "Standing is a threshold issue to be determined before reaching the merits of the

3

case." *Radford v. Van Orden*, 168 Idaho 287, 299, 483 P.3d 344, 356 (2021). "To establish standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id*. (internal quotation marks and alteration omitted) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014)).

On November 11, 2019, MAR conveyed, via quitclaim deed, the resort property to the Larsens. On January 23, 2020, Steven Larsen dissolved MAR. On September 9, 2022, the Larsens executed a quitclaim deed conveying their interest in the resort property to SLC Contracting. Neither the Larsens nor MAR retained any interest in the resort property.

Nearly a year after the Larsens conveyed their interest in the resort property to SLC Contracting, the district court entered the judgment and order at issue in this appeal. However, the judgment and order that the Larsens appeal were entered at a time when they had no legal interest in the resort property.

We hold that neither the Larsens nor MAR have standing to bring this appeal because they have not suffered an "injury in fact" resulting from the entry of the judgment and order at issue in this appeal. To establish injury in fact, a party is required to show a "distinct palpable injury." *Tidwell v. Blaine County*, 172 Idaho 851, 859, 537 P.3d 1212, 1220 (2023) (quoting *Haight v. Idaho Dep't of Transp.*, 163 Idaho 383, 392, 414 P.3d 205, 214 (2018)). Because neither the Larsens nor MAR have an ownership interest in the resort property, they have not suffered a "distinct palpable injury" resulting from the judgment or the sheriff's sale. *See First State Bank of Eldorado v. Rowe*, 142 Idaho 608, 612, 130 P.3d 1146, 1150 (2006). Absent an ownership interest in the resort property, there is no injury to the Larsens or MAR at all, let alone a distinct and palpable injury. *See A.C. & C.E. Invs., Inc. v. Eagle Creek Irrigation Co.*, 173 Idaho 178, ___, 540 P.3d 349, 366 (2023). Therefore, we conclude that the Larsens and MAR do not have standing and we dismiss this appeal.

## B. Copper is entitled to attorney fees on appeal.

Copper requests attorney fees on appeal pursuant to Idaho Code section 12-121. "An award of attorney fees under [Idaho Code section] 12-121 is appropriate where a party's claim or defense is frivolous, unreasonable, or without foundation." *Kiebert v. Goss*, 144 Idaho 225, 228, 159 P.3d 862, 865 (2007). In the past, we have awarded attorney fees when a party who clearly lacks standing pursues an appeal anyway. *See id*. at 228–29, 159 P.3d at 865–66; *Abolafia v. Reeves*,

152 Idaho 898, 905, 277 P.3d 345, 352 (2012). We do the same here. The record is clear that the Larsens and MAR had no ownership interest in the resort property when the district court entered the judgment and order from which they appeal. The Larsens and MAR failed to respond to Copper's standing arguments. Accordingly, we conclude that the appeal was brought frivolously, unreasonably, and without foundation and award attorney fees to Copper pursuant to Idaho Code section 12-121.

## IV.   CONCLUSION

For the foregoing reasons, the appeal is dismissed. We award Copper their reasonable attorney fees pursuant to Idaho Code section 12-121. Copper is also awarded their costs on appeal pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, Justices BRODY and MOELLER, and Pro Tem Justice SCHROEDER CONCUR.